PATRICK HARKINS *vs.* QUINCY MUTUAL FIRE INSURANCE
COMPANY.

A by-law of an insurance company, providing that in case of loss the assured shall, as soon
as possible, deliver a particular account in writing, under oath, stating the value of the
property lost, and of that saved, is sufficiently complied with by a claim for a total loss
of the property, stating its value, if some of the property is saved without his knowledge.

ACTION OF CONTRACT on a policy of insurance on personal
property in a building in Roxbury, made "subject to the pro-
visions of the constitution and by-laws of the said company
annexed."

The sixth article of those by-laws was as follows : " In case
of loss the insured shall, as soon as possible, deliver to the presi-
dent or secretary a particular account in writing, under oath,
stating the value of the property lost, the nature and value of
his interest therein, and if a partial loss, the amount of damage
done, and if personal property, the amount on hand at the time
of the loss ; and in all cases the amount of insurance at other
offices, the cause and origin of the fire, so far as known, and
the value of such parts as remain. Until this duty has been
fully done by the insured, the insurance, or any part thereof,
shall not be payable."

At the trial in the superior court of Suffolk at May term,
1859, it appeared that immediately after the fire the plaintiff
made a claim for loss, under oath, stating that the property was
destroyed by fire on a given day ; that the cause of the fire was
unknown ; that he was the sole owner of the property ; that
there was no other insurance thereon ; the value of the prop-
erty on hand at the time of the loss, and that of the property de-
stroyed, at the same sum. There was evidence that a part
of the property insured was removed into another building and
saved ; but the plaintiff testified that he did not know that any
part had been removed and saved.

The question being argued to the court, neither party asking
to have it submitted to the jury, *Morton,* J. ruled that the claim
for loss was a substantial compliance with the provisions of the
sixth article of the by-laws, and sufficient in law to enable the

plaintiff to maintain his action. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. M. Keith*, for the defendants.

*S. J. Thomas*, for the plaintiff.

CHAPMAN, J. In stating his claim for loss, the plaintiff, not knowing that any part of the property was saved, made claim for a total loss, and stated the value of the property lost, and the nature and value of his interest therein. This was all that the sixth article of the by-laws required him to do in such a case. The instruction excepted to was therefore right, and the exceptions must be overruled. *Exceptions overruled.*